UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Malcolm and Tim McGough, as
Trustees of the Carpenters & Joiners
Welfare Fund, Twin City Carpenters
Pension Master Trust Fund, Carpenters
and Joiners Apprenticeship and
Journeymen Training Trust Fund, and
Twin City Carpenters Vacation Fund, and
each of their successors,

Civil No. 06-1249 PAM/JSM

    Plaintiffs,

v.

**MEMORANDUM AND ORDER**

David Fischbach, individually and d/b/a
Fischbach Construction,

    Defendant.

---

This matter is before the Court on Plaintiffs' Motion for Default Money Judgment. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiffs are trustees and fiduciaries of the above-referenced funds ("the Funds"). The Funds are multi-employer plans, as defined by 29 U.S.C. § 1002(37), which are established to provide, <u>inter alia</u>, pension, health, welfare, and vacation benefits, as well as training, to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement ("CBA"). Defendant David Fischbach, through his execution of an Independent Agreement, is bound to the terms of a CBA between the Lakes and Plains Regional Council of Carpenters and

Joiners, the Carpentry Contractors Association, and the Minnesota Drywall and Plaster Association.

Employers such as Defendant are required to compute contributions and pay them to the agent of the trustees on or before the 15th day of the month following the month in which the contributions are earned by the employee. An employer is also required to submit to the Funds' agent a monthly fringe fund report on a standard form containing such information about the employees and the bargaining unit as the Trustees may require. The CBA also provides that an employer who is delinquent shall be required to pay the Funds an additional amount of 10% of the amount of the unpaid contributions as liquidated damages. In addition, ERISA and the CBA provide that a delinquent employer shall also be required to pay all costs of collection actually incurred by the Funds, including all attorney's fees, services fees, filing fees, court reporter fees, and all other fees, costs, and disbursements incurred by or on behalf of the Funds in determining, assessing, and collecting the amount due.

Plaintiffs filed a Summons and Complaint in this matter on March 30, 2006, based on Defendant's failure to submit reports and contributions required by the CBA. Plaintiffs personally served Defendant with the Summons and Complaint on April 1, 2006, but Defendant failed to answer or otherwise respond.

**DISCUSSION**

Defendant has failed to plead or otherwise defend against the Complaint in this action. Accordingly, Defendant is in default, and Plaintiffs are entitled to a default money judgment. See Fed. R. Civ. P. 55(a), (b).

Defendant breached the terms of the CBA by failing to timely submit the fringe fund reports and fringe benefit contributions for the months of January through March 2006. After Plaintiffs filed the Complaint, however, Defendant submitted the fringe fund reports for these months. Pursuant to the reports, Defendant owes $17,081.28 for fringe benefit contributions for the months of January through March 2006. Liquidated damages for the months of January through March 2006 total $1,708.13. Thus, the total amount due for fringe benefit contributions and liquidated damages for the months of January through March 2006 is $18,789.41. Defendant has submitted payments totaling $6,074.88 for which he is entitled to a credit. The total amount that remains due for fringe benefit contributions and liquidated damages for the months of January through March 2006 is $12,714.53. The amount of fees and costs incurred by the Funds in determining and collecting the amount due is $1,389.03.

**CONCLUSION**

Defendant failed to answer or otherwise respond to the Complaint in this action. Defendant is therefore in default, and Plaintiffs are entitled to a default money judgment. Defendant owes Plaintiffs $11,006.40 for delinquent fringe benefit contributions;

$1,708.13 for liquidated damages; and $1,389.03 for attorney's fees and costs. Accordingly, based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Motion for Default Money Judgment (Docket No. 3) is **GRANTED**; and

2. Judgment in the amount of $14,103.56 is entered against Defendant in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>July 13, 2006</u>

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
